UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACK WINDLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17 CV 1919 RWS |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Deputy Commissioner of Operations, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income pursuant to Title XVI, 42 U.S.C. §§ 1381 *et seq*. Because the Commissioner's final decision is not supported by substantial evidence on the record as a whole, I will reverse the decision of the Commissioner and remand for further proceedings consistent with this Memorandum and Order.

### **Procedural History**

Plaintiff alleged he became disabled beginning January 14, 2016, because of a learning disorder, low IQ, mood disorder, depression, and back pain.

Plaintiff's application was initially denied March 20, 2014. After a hearing before an ALJ January 12, 2016, the ALJ issued a decision denying benefits on March 16, 2016. On May 16, 2017, the Appeals Council denied plaintiff's request for review. The ALJ's decision is thus the final decision of the Commissioner. 42 U.S.C. § 405(g).

In this action for judicial review, plaintiff contends that the ALJ erred in his duty to fully and fairly develop the record. Plaintiff asks that I reverse the Commissioner's final decision and remand the matter for further evaluation. For the reasons that follow, I will reverse the Commissioner's decision.

### Medical Records and Other Evidence Before the ALJ

With respect to the medical records and other evidence of record, I adopt plaintiff's recitation of facts set forth in his Statement of Material Facts (ECF #18-1) as they are admitted by the Commissioner (ECF #23-1). I also adopt the additional facts set forth in the Commissioner's Statement of Additional Material Facts (ECF #23-2), as they are unrefuted by plaintiff. Together, these statements provide a fair and accurate description of the relevant record before the Court.

Additional specific facts will be discussed as needed to address the parties' arguments.

**Discussion**

A.  <u>Legal Standard</u>

To be eligible for disability insurance benefits under the Social Security Act, plaintiff must prove that he is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual will be declared disabled "only if [his] physical or mental impairment or impairments are of such severity that [he] is not only unable to do [his] previous work but cannot, considering [his] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If the claimant is working, disability benefits are denied. Next, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments, meaning that

which significantly limits his ability to do basic work activities.  If the claimant's impairment(s) is not severe, then he is not disabled.  The Commissioner then determines whether claimant's impairment(s) meets or equals one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  If claimant's impairment(s) is equivalent to one of the listed impairments, he is conclusively disabled.  At the fourth step, the Commissioner establishes whether the claimant can perform his past relevant work.  If so, the claimant is not disabled.  Finally, the Commissioner evaluates various factors to determine whether the claimant is capable of performing any other work in the economy.  If not, the claimant is declared disabled and becomes entitled to disability benefits.

I must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion.  *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001).  Determining whether there is substantial evidence requires scrutinizing analysis.  *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007).

I must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision.  *McNamara v. Astrue*, 590

F.3d 607, 610 (8th Cir. 2010). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, I must affirm the Commissioner's decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). I may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *McNamara*, 590 F.3d at 610.

When evaluating evidence of pain or other subjective complaints, the ALJ is never free to ignore the subjective testimony of the claimant, even if it is uncorroborated by objective medical evidence. *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984). The ALJ may, however, disbelieve a claimant's subjective complaints when they are inconsistent with the record as a whole. *See e.g., Battles v. Sullivan*, 902 F.2d 657, 660 (8th Cir. 1990). In considering the subjective complaints, the ALJ is required to consider the factors set out by *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which include:

> claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions.

*Id.* at 1322. When an ALJ explicitly finds that the claimant's testimony is not credible and gives good reasons for the findings, the court will usually defer to the ALJ's finding. *Casey v. Astrue*, 503 F.3d 687, 696 (8th Cir. 2007). However, the

5

ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding. *Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002).

B.     ALJ's Decision

In his written decision, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 14, 2014. The ALJ found plaintiff to have severe impairments of borderline intellectual functioning, learning disorder, depressive disorder, atrophy of the brain, and hearing loss, but determined that they did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-20.) The ALJ found plaintiff to have the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations: work must not require fine hearing capability, frequent verbal communications, frequent telephone communications, or complex written or verbal communications; the work must be simple and routine, requiring only occasional decision making and occasional changes in the work setting; and, the work must involve no more than occasional interaction with the public and coworkers. (Tr. 20.) Relying on testimony from a vocational expert, the ALJ found plaintiff capable of performing his past relevant work as a sander and packer. (Tr. 27.) The ALJ therefore found plaintiff not to be disabled from his onset date through the date of the decision. (Tr. 27.)

C.     Failure to Develop the Record

Plaintiff argues that the ALJ failed to adequately develop the record because he did not request the CT scan from plaintiff's emergency room visit at St. Anthony's Medical Center on July 20, 2014, which revealed premature global brain atrophy. (Tr. 402.) Although the ALJ determined that one of plaintiff's severe impairments was brain atrophy, the CT scan does not appear in the record. Plaintiff's treating psychiatrist, Miriam Schroder, M.D., mentioned the results of the CT scan in her treatment notes dated July 22, 2014, as well as in her mental residual functional capacity questionnaire completed on July 15, 2015, in connection with plaintiff's application for benefits. (Tr. 402, 436-440.) In her RFC questionnaire, Dr. Schroeder specifically indicates that St. Anthony's Medical Center should be contacted for the results of the CT scan. (Tr. 440.) In his written decision denying benefits, the ALJ found as follows with respect to plaintiff's brain atrophy:

> Even though the record lacks the actual report of a CT scan of the brain that shows some atrophy, I have considered this as a severe impairment since Dr. Schroeder mentioned it in her reports. Dr. Schroeder suggests there may be some psychological or behavioral abnormalities associated with a dysfunction of the brain based on the claimant's history and her examinations that she indicated showed the presence of a specific organic factor judged to be etiologically related to the abnormal mental state; however, she acknowledged that there is no evidence of loss of previously acquired functional abilities.

7

(Tr. 20.). Dr. Schroeder's RFC questionnaire actually indicates the presence "psychological or behavioral abnormalities associated with a dysfunction of the brain," which she opined included a history of lead poisoning and brain atrophy as shown on plaintiff's CT scan, "with a specific organic factor judge to be etiologically related to the abnormal state." With respect to the part of the questionnaire asking whether these abnormalities also related to the "loss of previously acquired functional abilities," Dr. Schroeder noted that she was "not sure they (i.e., functional abilities), were ever acquired to begin with." (Tr. 437.)

"Social security hearings are non-adversarial, and an ALJ has a duty to fully develop the record, even when the claimant is represented by an attorney." *Johnson v. Astrue*, 627 F.3d 316, 319-20 (8th Cir. 2010) (internal quotation marks and citation omitted). An ALJ should contact a treating or consulting physician if a critical issue is left undeveloped. *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005). However, "[t]he ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). Where other evidence in the record provides a sufficient basis for an ALJ's decision, then an ALJ "is permitted to issue a decision without obtaining additional medical evidence." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995) (internal quotation marks and citation omitted).

Here, the ALJ substantially erred by failing to adequately develop the record regarding plaintiff's brain atrophy, which the ALJ determined was a severe impairment. The only evidence in the record regarding plaintiff's brain atrophy was Dr. Schroeder's summary of plaintiff's CT scan taken at St. Anthony's Medical Center, which showed "premature global brain atrophy." Dr. Schroeder's summary does not include the complete test results or an interpretation of the results. The ALJ's decision does not address plaintiff's brain atrophy beyond listing it as a severe impairment and then concluding that there was "no loss of previously acquired functional abilities" according to Dr. Schroeder. The ALJ misinterpreted Dr. Schroeder's opinion regarding plaintiff's psychological or behavioral abnormalities associated with a dysfunction of the brain, which she opined could be the result of lead poisoning as a child and/or his brain atrophy. Dr. Schroeder indicated that such abnormalities were present and "etiologically related to the abnormal mental state." But her opinion with respect to the brain dysfunction resulting in a "loss of previously acquired functional abilities" was only that plaintiff may have never possessed certain functional abilities due to his borderline intellectual functioning. Dr. Schroeder never rendered an opinion as to the nature and extent of plaintiff's brain atrophy on his overall functioning, as she is a psychiatrist, not a neurologist. In fact, Dr. Schroeder indicated on her RFC questionnaire that plaintiff was at his maximum expected functional ability with no

9

further improvement expected, and she suggested obtaining plaintiff's CT scan showing brain atrophy as an "additional reason not covered above [in her opinion] why [plaintiff] would have difficulty working at a regular job on a sustained basis." (Tr. 440.) Dr. Schroeder indicated that these medical records would shed additional light on plaintiff's work-related limitations.

Here, the ALJ did not have sufficient medical evidence on the record as a whole to evaluate plaintiff's severe impairments, and he substantially erred by proceeding to fashion plaintiff's RFC without first obtaining the CT scan and ordering a consultative examination of plaintiff by a neurologist, who could opine as to the nature and severity plaintiff's brain atrophy, as well as any resulting current and future limitations. Without this minimum amount of information, the ALJ was unable to adequately evaluate the severity of plaintiff's impairments, including his brain atrophy, and to determine whether these impairments, whether individually or in combination, met or medically equaled a listed impairment. The record as a whole also does not contain sufficient evidence to support the ALJ's RFC determination where the crucial issue regarding plaintiff's brain atrophy remains undeveloped.

Upon remand, the ALJ should obtain plaintiff's CT scan and medical records from St. Anthony's Medical Center, order a consultative examination of plaintiff by a neurologist, contact plaintiff's treating psychiatrist, Dr. Schroeder, to

determine whether the examining neurologist's report and any other additional evidence regarding plaintiff's brain atrophy alters her assessment of plaintiff's mental RFC, and order any additional tests or examinations necessary to determine the nature and extent of plaintiff's brain atrophy. The ALJ should also obtain and consider the vocational rehabilitation records mentioned by Dr. Schroeder to determine plaintiff's true functional abilities.[1] The ALJ should consult any additional experts needed to properly assess plaintiff's limitations in order to formulate his RFC and to determine whether plaintiff is capable of performing past relevant work. The ALJ should also reassess plaintiff's credibility under the standards set forth in *Polaski*, 739 F.2d at 1322, keeping in mind that, given his impairments, plaintiff's willingness to work may not be a reliable indicator of his ability to work. *See Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir. 2001) ("With regard to mental disorders, the Commissioner's decision 'must take into account evidence indicating that the claimant's true functional ability may be substantially less than the claimant asserts or wishes.'") (quoting *Parsons v. Heckler,* 739 F.2d 1334, 1341 (8th Cir.1984)).

Because the Commissioner's final decision that plaintiff is not disabled is not supported by substantial evidence on the record as a whole, it is reversed and

---

[1] "[T]he burden of persuasion to prove disability and to demonstrate RFC remains on the claimant," *Eichelberger v. Barnhart*, 390 F.3d 584, (8th Cir. 2004), so plaintiff's counsel remains responsible for providing the ALJ with any additional evidence necessary to make a disability determination.

this case is remanded for further proceedings consistent with this opinion.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is reversed, and this case is remanded for further proceedings consistent with this Memorandum and Order. A separate Judgment is entered herewith.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2018.